IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUL HERNANDEZ,

     Plaintiff,                         No. CIV S-11-2645 CKD

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,      ORDER

     Defendant.
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), contending the action is time barred. Defendant's contention is correct.

        Pursuant to 42 U.S.C. § 405(g), a civil action seeking review of a final decision of the Commissioner of Social Security must be commenced within sixty days after mailing to plaintiff of the final agency decision. The governing regulations provide that "mailing" means

1

the date of receipt by plaintiff, which is presumed to be five days after the date of notice of the final decision.  See 20 C.F.R. § 422.210(c).  The sixty day limitation is not jurisdictional but is a statute of limitations.  See Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987).

        In a decision dated November 17, 2010, the Administrative Law Judge ("ALJ") determined plaintiff is not disabled.  On that same day, plaintiff was notified by mail of the ALJ's decision.  Thereafter, by letter dated July 25, 2011, plaintiff was notified that the Appeals Council had denied plaintiff's request for review of the ALJ's decision.  In the July 25, 2011 letter, plaintiff was advised that he could file a civil action in the United States District Court, asking for court review of the administrative decision.  Plaintiff was also specifically advised that he must file such an action within sixty days after receipt of the letter and that the agency would assume plaintiff had received the letter five days after July 25 (i.e. July 30, 2011).  Plaintiff was further advised that if he could not timely file an action in federal court, he could ask the Appeals Council to extend the time to file.  The pending action was not filed until October 7, 2011, outside of the sixty day time limit.

        In opposition to the motion to dismiss, plaintiff asserts that due to medical issues, he could not timely file an action in federal court.  However, plaintiff references a heart surgery in March 7, 2012, well outside the limit for timely filing of an action seeking review of the July 25, 2011 Appeals Council decision.  The medical records submitted by plaintiff which pertain to his mother reference cancer treatments in October and November 2011, again outside the relevant sixty day period.  In addition, although it appears plaintiff contacted the Social Security office on September 27, 2011, there is no explanation from plaintiff as to why he could not timely file an action within sixty days or seek an extension of time from the Appeals Council.  Plaintiff has failed to demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment, sufficient to equitably toll the statute of limitations.  See Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007); see also Bowen v. City of New York, 476 U.S. 467, 481 (1986) (tolling appropriate only in rare cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (dkt. no. 16) is granted; and

2. The Clerk of Court is directed to close this case.

Dated: April 3, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
hernandez.ss.mtd